IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD L. LANGFORD, | |
| Plaintiff, | 8:16-CV-531 |
| vs. | MEMORANDUM AND ORDER |
| PHYSICIANS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

    This matter is before the Court on the plaintiff's response (filing 10) to the Court's order to show cause (filing 7) why the case should not be dismissed as duplicative. The Court finds that this case is substantially identical to another pending case between the same parties, and therefore should be dismissed.

    As the Court previously observed, this case is functionally identical to another, earlier-filed case that the plaintiff has pending against the defendant in this Court, No. 8:16-cv-16. *Compare* filing 1 *with* No. 8:16-cv-16 filing 26. But, as a general policy, duplicative litigation in federal courts should be avoided. *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time. *Id.* at 954. And federal courts may decline to exercise their jurisdiction in order to prevent duplicative litigation. *Id.* at 952. Specifically, "a district court may, for reasons of wise judicial administration, dismiss one of two identical, pending actions." *Id.* at 953 (quotation omitted); *see Parker v. Matthews*, 71 F. App'x 613, 614 (8th Cir. 2003). A plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. *See id.*

    Accordingly, the Court ordered the plaintiff to show cause why this case should not be dismissed in favor of the earlier-filed case. Filing 7. The plaintiff's response (filing 10), as best the Court can tell, sets forth two arguments. First, the plaintiff asserts that the two cases are premised on different EEOC right-to-sue letters. Filing 10 at 2. Second, and relatedly, the plaintiff contends that while both cases contain race discrimination claims, No. 8:16-cv-16 includes retaliation, age, and whistleblower claims, while No.

8:16-cv-531 omits those claims and includes a disability discrimination claim. Filing 10 at 3.

The Court finds those contentions difficult to square with the pleadings. Literally the only addition to the complaint in this case from the operative complaint in No. 8:16-cv-16 is a citation to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), a citation to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the attachment of an EEOC right-to-sue letter disposing of a charge that had been attached to the complaint in No. 8:16-cv-16. *Compare* filing 1 *with* No. 8:16-cv-16 filing 26. It is difficult to see from the pleadings how No. 8:16-cv-531 is meaningfully different.

Equally problematic is that, despite the plaintiff's claim that No. 8:16-cv-531 is meant to assert a disability discrimination claim, the complaint arguably fails to do that. The complaints in both cases refer to an injury to the plaintiff's left arm, but has not alleged facts from which a "disability," for ADA purposes, could be inferred or identified, or that the plaintiff was a "qualified individual" under the ADA. *See Scruggs v. Pulaski Cnty., Ark.*, 817 F.3d 1087, 1092 (8th Cir. 2016). In other words, the complaints are essentially identical in the extent to which they state an ADA claim.

But the real problem is more fundamental: the plaintiff has filed a second lawsuit that is nearly identical to the first, instead of seeking to file an amended complaint in No. 8:16-cv-16.[1] The plaintiff had already sought and obtained leave to file his amended complaint in No. 8:16-cv-16 so, perhaps, leave would have been denied pursuant to Fed. R. Civ. P. 15(a)(2). But "the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints[.]" *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977); *see*, *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir. 1985). The requirement that a plaintiff seek leave to amend his pleading would be meaningless if he could simply file a new case and start over. Plaintiffs may not file duplicative complaints in order to expand their legal rights. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000).

The plaintiff, in fact, argues at length that amendment of his complaint in No. 8:16-cv-16 is warranted. Filing 10 at 5-11. But that is exactly the point. If the plaintiff wants to amend his operative complaint in No. 8:16-cv-16, he should move for leave to do so in that case, and explain why leave

---

[1] The Court notes that even though No. 8:16-cv-16 was filed before the plaintiff obtained his September 6, 2016 right-to-sue letter, receipt of the letter after the action has commenced cures the defect. *See Jones v. Am. State Bank,* 857 F.2d 494, 499-500 (8th Cir. 1988).

should be given.[2] *See*, Rule 15(a)(2); *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016), *reh'g denied* (May 4, 2016). But this duplicative case will be dismissed in favor of the earlier-filed No. 8:16-cv-16. *See Nixon*, 259 F.3d at 953; *cf. Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 n.3 (8th Cir. 1999); *cf. also Parker v. Matthews*, 71 F. App'x 613, 614 (8th Cir. 2003).

IT IS ORDERED:

1.    The plaintiff's complaint is dismissed without prejudice.

2.    A separate judgment will be entered.

Dated this 8th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] The Court notes that pursuant to the progression order in No. 8:16-cv-16, the deadline for moving to amend pleadings does not elapse until May 7, 2017. No. 8:16-cv-16 filing 37 at 1.